O'FIELD v. ST. LOUIS, I. M. & S. RY. CO.

(Circuit Court of Appeals, Eighth Circuit. August 21, 1911.)

No. 3,500.

CARRIERS (§§ 320, 347*)—ACTION FOR INJURY TO PASSENGER—CONDITION OF PREMISES—QUESTION FOR JURY.

While plaintiff was waiting for a train in a station on defendant's railroad in the evening, she had occasion to visit the water-closet, which was 150 feet from the station and reached over a platform extending along the track and beyond the building. Having been shown the way by another passenger, plaintiff was passing along such platform, when she fell off and was injured. *Held*, that evidence that the night was very dark, and that the platform was inadequately lighted, if at all, was sufficient to require the submission to the jury of the question of defendant's negligence and breach of duty, and of plaintiff's contributory negligence, especially in view of a state regulation requiring such places to be well lighted, where required by the convenience of passengers.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. §§ 320, 347.*]

In Error to the Circuit Court of the United States for the Eastern District of Oklahoma.

Action at law by Eliza O'Field against the St. Louis, Iron Mountain & Southern Railway Company. Judgment for defendant, and plaintiff brings error. Reversed.

J. Wood Glass and W. H. Kornegay, for plaintiff in error.

W. E. Hemingway, Lovick P. Miles, and Thos. B. Pryor, for defendant in error.

Before ADAMS and SMITH, Circuit Judges, and REED, District Judge.

ADAMS, Circuit Judge. Mrs. O'Field purchased a ticket of the agent of defendant company at Claremore, Okl., for a short trip on the railroad. While waiting for the train at the station on the evening of November 22, 1908, she had occasion to resort to a water-closet, and, not knowing where it was located, inquired of a woman who was also waiting for a train. The latter undertook to show her. The station was on the west side of the tracks of the road fronting thereon 108 feet. The closet was about 150 feet further south, and its only approach from the waiting room for white passengers was over the platform of the station, between it and the tracks. Plaintiff and her companion started out from the waiting room, went south over the platform as far as the depot extended, and then, while on her way over the other 150 feet to the closet, at a point immediately south of the depot, where local freight was usually loaded into and unloaded from wagons which backed up there, she fell off the platform and hurt herself. For injuries alleged to have been received by her resulting from this fall, she sued the company. A verdict was rendered for the defendant by order of the court, and plaintiff prosecutes error.

Two acts of negligence are charged in the complaint: That the company failed to have the way to the closet over the platform lighted,

and failed to have a guard rail along the platform where she fell. The trial court held that the evidence supported neither charge. Claremore was a town of about 2,500 inhabitants, and defendant maintained a depot there of considerable pretensions. Its common-law liability to keep its approaches and places to which passengers are invited in a reasonably safe condition was emphasized by a regulation of the Corporation Commission of the state of Oklahoma requiring all buildings to be well lighted within waiting rooms and outside, where the convenience of passengers required it, and that all closets and toilet rooms, either in the depot building or outside, should be kept well lighted. The closet in question in this case was a convenience provided by the defendant company, to which passengers were impliedly invited to resort, and on well-recognized principles it was the duty of the company to exercise ordinary care that it and the approaches to it should be maintained in a reasonably safe condition.

Did it discharge this duty, or, rather, was there any substantial evidence that it did not discharge it? Without entering upon any detailed analysis of the testimony, it suffices our present purpose to say that there was substantial evidence to the effect that the night in question was very dark; that the platform leading from the waiting room to the closet was inadequately lighted, if at all; and that the plaintiff was unable to see any considerable distance before her as she tried to find her way to the closet. This, we think, was entirely sufficient to have warranted a submission to the jury of the question whether the defendant exercised ordinary care for the safety of its patrons. Whether there was any negligence in not maintaining a railing along the side of the platform where plaintiff fell is more doubtful. The desirability of loading local freight into and out of wagons without embarrassment, and the general practice of other roads not to maintain such railings at stations along their lines similarly situated, would tend to negative any negligence in this particular. Certainly, if the platform had been adequately lighted, the plaintiff would readily have observed the way to her destination, and it would have been manifest carelessness on her part if she had strayed so far out of the way as to have fallen where she did.

Our conclusion is there was substantial evidence tending to show that the only proximate cause of plaintiff's injury was the failure to properly light the platform. Some contention is made that plaintiff was guilty of contributory negligence, but the facts already stated disclose that there was ample evidence to go to the jury on that issue.

The judgment is reversed, and the cause remanded for a new trial.